NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zuffa LLC, | No. CV-19-04917-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kelly M Long, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment. (Doc. 17). Defendants, Southpaw Concepts, LLC and Kelly Long (hereinafter "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure after proper service and Default was entered against them. (Doc. 14). Therefore, according to the Federal Rules of Civil Procedure, the allegations in Plaintiff's Complaint are deemed admitted against Defendants. These admitted facts include that Defendants knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §553 or §605 and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.) by unlawfully and willfully intercepted and exhibited the broadcast event on December 2, 2017 (hereafter, the "Program") within Defendants' commercial establishment located at 2030 West Camelback Road, Phoenix, AZ 85015 at the time of its transmission on December 2, 2017, in violation of Plaintiff's rights under §553 and §605, willfully, and for purposes of direct or indirect commercial advantage or private financial gain. (Doc. 1). Defendants' display of the Program was verified by

auditor, Jason Alloway, where he saw five television sets exhibiting the Program to patrons.

The Court has jurisdiction over the subject matter and parties to this action. Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, et seq., and Copyright Act, 17 U.S.C. § 101, et seq.

**I.     Applicable Law**

Section 605 allows a plaintiff to elect to recover either actual damages and lost profits, or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I). Through Defendants' default, Defendants have admitted to the interception of radio and satellite communication and therefore Plaintiff has established the elements of §605 and elects to recover under the §605. Defendants have admitted to knowingly and willfully intercepting the Program and offering it to patrons of the establishment for private financial gain or commercial advantage. Defendants have also admitted that Defendant Long was the individual with close control over the internal operating procedures and employment practices of defendants as well as the individual with supervisory capacity and control over the activities occurring within the Defendants' establishment on December 2, 2017. Therefore, by their default, the Defendants herein have admitted all facts necessary to establish liability, and Plaintiff is entitled to a default judgment pursuant to FRCP 55(b). Plaintiff elects to recover under 47 U.S.C. §605(a).

Defendants have also admitted that their actions were willful and not accidental. This is evidenced by the promotional materials put out to members of the public, soliciting their patronage and advertising the Program. Courts in the Ninth Circuit have held that advertisements are an indicator of willfulness and determining enhanced damages in these types of cases. *See J & J Sports Prods., Inc. v. Concepcion*, No. 10–5092, 2011 WL 2220101, at *4 (N.D. Cal. Jun.7, 2011) (In determining damages, courts consider a variety of factors including "use of a cover charge, increase in food price during programming, presence of advertising, number of patrons, number of televisions used, and impact of offender's conduct on claimant").

Moreover, pursuant to 17 U.S.C. §504(c)(1), a copyright owner who has established liability under 17 U.S.C. §501 may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages in a sum of not less than $750.00 or more than $30,000.00 as the court considers just.  Plaintiff elects to recover statutory damages under 17 U.S.C. §504(c). In addition to statutory damages allowable under 17 U.S.C. §504(c)(1), enhanced damages are also allowable under 17 U.S.C. §504(c)(2) of not more than $150,000.00 where the violation was committed willfully.

## II.     Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. Entry of default judgment is within the court's discretion.  *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors for the Court to consider in exercising that discretion include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986).  Upon entry of default, the factual allegations in the plaintiff's complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

### 1.     Possible Prejudice

Applying the *Eitel* factors here, the first factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if this case remains unresolved.  As referenced above, Defendants have not answered or otherwise responded to the Complaint.  Plaintiff has no alternative means by which to resolve the claims and therefore would indefinitely suffer prejudice without the availability of default judgment.  *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

To prove copyright infringement, Plaintiff must establish (1) ownership of a valid copyright and (2) that the Defendants infringed any of its exclusive rights granted by 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013 (9th Cir. 2001). Copyright infringement is a strict liability offense and "plaintiff is not required to demonstrate a defendant's intent to infringe the copyright in order to demonstrate copyright infringement." *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 7430062, at *11 (D. Ariz. Dec. 28, 2011) (*citing Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081, 1087 (C.D. Cal. 1999) ("There is no need to prove anything about a defendant's mental state to establish copyright infringement; it is a strict liability tort.")).

To prove that the alleged infringement was "willful" under the Copyright Act, a plaintiff must show (1) that the defendant knew its conduct was infringing, or (2) that the defendant's actions were the result of reckless disregard or willful blindness to the prospect that its conduct was infringing. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc*., 658 F.3d 936, 944 (9th Cir. 2011)

Here, Plaintiff has established its assignment of a valid Copyright to the Program. Moreover, the Program was exhibited at Defendants' Establishment, by cable, satellite, or internet stream, without the requisite commercial license, and as viewed by the witness on

five separate television screens. (Doc. 1). These facts are conclusively established by the entry of default. Therefore, Plaintiff has met its burden of establishing copyright infringement. Therefore, Plaintiff has adequately pled a claim for relief and the second and third factors support entry of default judgment.

### 3. Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See PepsiCo, Inc*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

Plaintiff requests $32,902.50 in total damages for all claims, arguing this is a reasonable amount in light of the potential penalties Defendants could be liable for up to $150,000.00 for willful violations of both §605 and §553. Plaintiff recognizes that any award is within the discretion of the court and provides that the cost to have legally purchase the event would have been $998.00. (Doc. 17 at 5).

The Court will discuss the damages award below, and for a number of reasons will reduce the amount of damages requested. The Court finds this factor to be neutral.

### 4. Potential Disputes of Material Fact

The fifth factor weighs in favor of entering default judgment. There is no dispute concerning the material facts of the case in light of the fact that Defendants, who have been served, have not responded to the Motions for Default or Default Judgment, and have failed to defend this matter. This factor supports entry of default judgment.

### 5. Excusable Neglect

Similarly, the sixth factor supports entry of default judgment because there is no evidence that Defendants' default was due to excusable neglect. Defendants were served with the Complaint yet chose to ignore these deadlines and Orders. Plaintiff argues that they made multiple attempts via telephone, email, and through service of process to communicate with the Defendants that there was a lawsuit being filed against them. At no

time did the Defendants respond to any of Plaintiff's requests to communicate. (Doc. 17 at 6). There is no evidence of excusable neglect for Defendants' failure to defend this case. This factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decision on the Merits

Finally, as to the seventh factor, the Court considers the public policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, indicates that this policy is not absolute. *PepsiCo, Inc*, 238 F.Supp.2d. at 1177. Moreover, Defendants' failure to defend this matter and abide by Court Orders makes a decision on the merits impractical, if not impossible. *See e.g.*, *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding defendants "failure to comply with the judicial process makes a decision on the merits likely impossible"). Thus, though cognizant of the preference for resolving cases on their merits, this factor also weighs in favor of default judgment under these circumstances.

Because a majority of the *Eitel* factors weigh in Plaintiff's favor, the Court finds that default judgment is warranted here.

## III. Damages

### A. Federal Communications Act Damages

The Federal Communications Act under 47 U.S.C. § 605 provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000." Moreover, under 47 U.S.C § 605, "any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." The amount of damages to be awarded rests in the sound discretion of the Court pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), and 47 U.S.C. §605(e)(3)(C)(ii). Plaintiff seeks $10,000.00 in statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), and an additional $10,000.00 in enhanced statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(ii). Plaintiff states that

the licensing fee would have been $998.00. Therefore, the award they seek under this section is more than 20 times the amount of the fee. The Court appreciates that a defendant is not deterred if a court only imposes the amount of the original licensing fee as a damage award, but the Court is not convinced that the award needs to be a figure 20 times the fee in order to be a deterrent to future conduct.

The Court finds that Plaintiff is entitled to a statutory damages award and finds that an award of $5,000.00 is appropriate for the conduct here. Moreover, as the commercial license fee would have totaled $998.00, the Court finds that an amount four times the license fee is appropriate as an additional enhanced damages award, and will award an additional $3,992.00, for a total of $8,992.00 in damages under the Federal Communications Act.

### B. Copyright Act Damages

Section 504 of the Copyright Act provides that a plaintiff, having established the infringement of its registered copyrighted work, may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" for each work. 17 U.S.C. § 504(c)(1). Furthermore, where a plaintiff demonstrates "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per work. 17 U.S.C. § 504(c)(2). "Statutory damages further 'compensatory and punitive purposes,' and help 'sanction and vindicate the statutory policy of discouraging infringement.'" *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1135 (D. Ariz. 2013) (*citing L.A. News Serv. v. Reuters Television Int'l.*, 149 F.3d 987, 996 (9th Cir. 1998)).

Courts have wide discretion in awarding statutory damages under the Copyright Act and this Court has recognized that an award of four (4) times the licensing fee is reasonable and appropriate. *See Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1135 (D. Ariz. 2013) (finding "Plaintiffs' requested amount of $39,000 [in statutory damages] is reasonable and appropriate" where the licensing fees totaled $9,695).

Here, Plaintiff urges that an award of statutory damages in the amount of $5,000.00

be granted in this matter because Plaintiff "has suffered significant monetary loss in licensing fees due to the pirating of its proprietary programming and has expended a great deal of time and money in policing its signals to protect its interests." In addition to Plaintiff's request for statutory damages, Plaintiff maintains that it is entitled to an additional award of damages in the amount of $5,000.00 in the discretion of the Court for the willful infringement. (Doc. 17 at 16).

As the commercial license fee would have totaled $998.00, the Court will quadruple that amount and award statutory damages in the amount of $3,992.00 for the Defendants' willful and knowing violations of the Copyright Act. As for the Plaintiff's request for additional statutory damages, Plaintiff has not established that it is entitled to an additional award. The statute cited, 17 U.S.C. § 504(c)(2), contemplates increasing the maximum amount of statutory damages allowed from $30,000 to $150,000 per copyrighted work. Here, the Court finds that the quadrupling of the total licensing fee amount will be sufficient to compensate Plaintiff and to deter future conduct of Defendants.

Additionally, the Copyright Act allows that full costs and attorneys' fees may be awarded to the prevailing party. "Fees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir.2007). The Court notes that the amounts requested are different in various places in the pleadings. The Court will rely on the amounts requested in the sworn Affidavit of Attorney Cold Dodrill. (Doc. 17-2). Thus, the Court will award $750.00 for the auditing fee, $400.00 for filing fees, and $475.00 for service fees as requested and established by Plaintiff, in the total amount of $1,625.00. (Doc. 17-2 at 4). As to attorneys' fees, Mr. Dodrill states in his Affidavit that he is requesting $1,277.50 for attorneys' fees, and the proposed judgment Plaintiff provides requests $1,277.50 *per Defendant*. However, the Motion states that "Plaintiff is not seeking attorney's fees, making Plaintiff's request very reasonable in light of the statutes." (Doc. 17 at 5). Moreover, the Court is unable to find an itemized listing of the hours billed in this case, as is required for a determination that those fees sought are reasonable. Mr.

Dodrill's Affidavit contains a statement that "Attached hereto as Exhibit 'C,' please find an [sic] statement from COLT B. DODRILL, Esq. reflecting the attorneys' fees." (Doc. 17-2 at 4). However, there is no Exhibit C to his Affidavit. Therefore, the Court will not award attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (Doc. 17) is granted. Judgment shall be entered in favor of Plaintiff and against Defendants Southpaw Concepts, LLC, and Kelly M. Long, jointly and severally in the total amount of **$12,984.00** pursuant to 47 U.S.C. § 605 and 17 U.S.C. § 504(c)(2).

**IT IS FURTHER ORDERED** that Plaintiff shall recover costs against Defendants pursuant to 17 U.S.C. § 505 in the amount of **$1,625.00.**

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly and kindly close this matter.

Dated this 23rd day of November, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge